O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JANICE M. JORDAN, | ) | Case No. ED CV 04-124 AN |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant. | ) | |

**I. INTRODUCTION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

/ / /

1    In the JS, Plaintiff contends the Administrative Law Judge ("ALJ") erred by: (1)
2    failing to recognize that her impairments are severe, (2) rejecting her credibility, (3)
3    erroneously evaluating her residual functional capacity, (4) ignoring third party
4    questionnaires, and (5) failing to obtain the testimony of a vocational expert.   The
5    Commissioner disagrees.
6    After reviewing the parties' respective contentions and the record as a whole, the
7    Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed
8    by the Commissioner in her portions of the JS and the following reasons.
9    At step two of the sequential analysis, the ALJ found that Plaintiff has an
10   impairment or combination of impairments considered "severe."    [Administrative
11   Record ("AR") at 20.]  Specifically, the ALJ found that Plaintiff suffers from severe
12   migraine headaches, which are secondary to trigeminal neuralgic flare-ups. [AR at 16.]
13   The ALJ also found that Plaintiff's back pain and carpal tunnel syndrome precluded
14   Plaintiff from lifting more than 50 pounds. [AR at 16.]  On the other hand, the ALJ did
15   not consider Plaintiff's sickle cell trait, high blood pressure, bursitis, mitral valve
16   prolapse, and obesity to be severe impairments.  Neither treatment notes nor any other
17   evidence in the record suggested that Plaintiff had any functional limitations due to these
18   alleged impairments.  *See Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994) (An
19   impairment should be found to be "non-severe" when the evidence establishes merely
20   a slight abnormality, with no more than minimal effect on ability to work).  Further,
21   while Plaintiff suffered a broken ankle, Plaintiff identified no evidence indicating that
22   her ankle condition had more than a minimal effect on her capacity to work for the
23   required 12 month period. 42 U.S.C. § 423(d)(1)(A)(to be entitled to disability benefits,
24   the claimant must have an "inability to engage in any substantial gainful activity by
25   reason of any medically determinable . . . impairment . . . which has lasted or can be
26   expected to last for a continuous period of not less than 12 months.").  Finally, the ALJ
27   properly found that Plaintiff'a alleged mental impairment was not severe based upon the
28   opinion of the examining psychiatrist Reynaldo Abejuela, M.D. [AR at 17, 183.] Thus,

1  the ALJ's step two findings are supported by substantial evidence.

2       The ALJ supported his decision to discount Plaintiff's credibility with clear and
3  convincing reasons.  The ALJ noted that Plaintiff did seek ongoing treatment for pain
4  or follow through with recommended mental health treatment.  [AR at 17.]  *See Flaten
5  v. Secretary*, 44 F.3d 1456, 1464 (9th Cir. 1995)(explaining that the ALJ was entitled to
6  draw rational inferences from general lack of treatment in finding the claimant not
7  disabled).   In addition, the ALJ took into account Plaintiff's testimony that her
8  medications helped alleviate her pain, without disabling side-effects.  [AR at 16, 18,
9  291.] *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995)(factors ALJ may consider
10  in assessing credibility include, effectiveness or adverse side effects of pain medication).

11       Plaintiff's challenges to the ALJ's assessment of her residual functional capacity
12  also fail.  For example, Plaintiff faults the ALJ for failing to obtain her latest medical
13  records from her treating sources.  [JS at 27.]  Plaintiff also contends the ALJ should
14  have obtained updated residual functional capacity assessments from Dr.Abejuela and
15  the State Agency physicians because their opinions were issued one to two years before
16  the ALJ's decision.  [JS at 16-17; AR at 18, 155-62, 179-83, 240-41.]  But Plaintiff has
17  not presented any evidence that her condition has changed since these doctors' last
18  evaluations.  Under these circumstances, the ALJ had no obligation to develop the record
19  further.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (explaining that an
20  ALJ's duty to develop the record is triggered only when there is ambiguous evidence or
21  when the record is inadequate to allow for proper evaluation).  The ALJ's failure to
22  recognize work-related restrictions based on Plaintiff's alleged mental impairment and
23  subjective complaints was also not error, given the ALJ's reliance on Dr. Abejuela's
24  opinion and his rejection of Plaintiff's credibility.  Finally, that Plaintiff's past work
25  involved lifting a maximum 25 pounds has no bearing on the ALJ's conclusion that
26  Plaintiff has the residual functional capacity to perform medium work.  20 C.F.R. §
27  416.967(c) (a finding that a claimant is capable of performing medium work subsumes
28  a finding that the claimant is capable of the full range of light and sedentary work).

Page 3

1   Plaintiff's argument that the ALJ erred by failing to address the third party
2   questionnaires completed by Plaintiff's friend and Plaintiff's case manager is without
3   merit. [JS at 19-20; AR at 102-08, 124-28.] Lay witness testimony should generally not
4   be ignored without comment by the ALJ. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.
5   1993). The third party statements, however, did little more than corroborate Plaintiff's
6   subjective complaints, which the ALJ properly rejected based on Plaintiff's failure to
7   seek treatment and the medical evidence. [AR at 17-18.] *See, e.g., Books v. Chater*, 91
8   F.3d 972, 980 (7th Cir. 1996)(ALJ's failure to discuss lay witness testimony that merely
9   reiterated and corroborated claimant's own testimony concerning his activities and
10  limitations was not error where the claimant's testimony was found to be "untenable").
11  Because the third party statements did not constitute a separate line of evidence, the same
12  reasons the ALJ used to discount Plaintiff's testimony also supported discounting the
13  testimony of the third parties. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir.
14  2000)(where the same evidence the ALJ used to discount the claimant's testimony also
15  supported discounting the testimony of the claimant's husband, the ALJ's failure to give
16  specific reasons for disregarding the husband's testimony was inconsequential).
17  Moreover, the medical evidence supported the ALJ's decision that Plaintiff was not
18  disabled. [AR at 14-21.] Thus, any error by the ALJ in failing to give specific reasons
19  for disregarding the third party statements was harmless. *See Vincent v. Heckler*, 739
20  F.2d 1393, 1395 (9th Cir. 1984)(holding that an ALJ's failure to discuss lay testimony
21  did not require reversal because the medical evidence supported the ALJ's decision that
22  the plaintiff was not disabled).

23  The ALJ's determination at step four that Plaintiff could return to her past work
24  did not require the testimony of a vocational expert. *Matthews v. Shalala*, 10 F.3d 678,
25  681 (9th Cir. 1993) (a vocational expert's testimony useful but not required at step four).
26  Testimony of a vocational expert may be required only at step five, after the burden has
27  shifted to the Commissioner.
28  / / /

Page 4

1

### III.  CONCLUSION

2      Accordingly, the Court finds the ALJ's determination of non-disability is free of

3   legal error and supported by substantial evidence in the record. Therefore, Plaintiff's

4   request for an order directing the payment of benefits or remanding this case for further

5   proceedings is DENIED, and the Commissioner's request for an order affirming the

6   Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall

7   enter judgment, close the file and terminate all pending motions.

8

9   DATED:      October 31, 2005        /s/ Arthur Nakazato

10                                              ARTHUR NAKAZATO
                                            UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28